MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------X
JEAN M THERMIDOR, *individually and on behalf of others similarly situated,*

                *Plaintiff,*

              -against-

ALTERATION GROUP OF NY, LLC (D/B/A ALTERATION SPECIALISTS OF NEW YORK), JEREMY MILLER, DAVID MILLER, SONA BABOORAM, and EILEEN NUNEZ,

                *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Jean M Thermidor ("Plaintiff Thermidor" or "Mr. Thermidor"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Alteration Group of NY, LLC (d/b/a Alteration Specialists of New York), ("Defendant Corporation"), Jeremy Miller, David Miller, Sona Babooram, and Eileen Nunez, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Thermidor is a former employee of Defendants Alteration Group of NY, LLC (d/b/a Alteration Specialists of New York), Jeremy Miller, David Miller, Sona Babooram, and Eileen Nunez.

2. Defendants own, operate, or control a tailoring services company, located at 89 5th Ave #904, New York, NY 10003 under the name "Alteration Specialists of New York".

3. Upon information and belief, individual Defendants Jeremy Miller, David Miller, Sona Babooram, and Eileen Nunez, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the tailoring services company as a joint or unified enterprise.

4. Plaintiff Thermidor was employed as a tailor at the tailoring services company located at 89 5th Ave #904, New York, NY 10003.

5. At all times relevant to this Complaint, Plaintiff Thermidor worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Thermidor appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Thermidor to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Thermidor and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Thermidor now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190

*et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Thermidor seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Thermidor's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate tailoring services company located in this district. Further, Plaintiff Thermidor was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Jean M Thermidor ("Plaintiff Thermidor" or "Mr. Thermidor") is an adult individual residing in New York County, New York.

14. Plaintiff Thermidor was employed by Defendants at Alteration Specialists of New York from approximately August 2016 until on or about January 25, 2019.

15. Plaintiff Thermidor consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants own, operate, or control a tailoring services company, located at 89 5th Ave #904, New York, NY 10003 under the name "Alteration Specialists of New York".

17. Upon information and belief, Alteration Group of NY, LLC (d/b/a Alteration Specialists of New York) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 89 5th Ave #904, New York, NY 10003.

18. Defendant Jeremy Miller is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jeremy Miller is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jeremy Miller possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Thermidor, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19. Defendant David Miller is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant David Miller is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant David Miller possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Thermidor,

establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant Sona Babooram is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sona Babooram is sued individually in his capacity as a manager of Defendant Corporation. Defendant Sona Babooram possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Thermidor, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Eileen Nunez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Eileen Nunez is sued individually in her capacity as a manager of Defendant Corporation. Defendant Eileen Nunez possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Thermidor, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a tailoring services company located in the Flatiron District of Manhattan in New York City (but they have several other locations in Manhattan).

23. Individual Defendants, Jeremy Miller, David Miller, Sona Babooram, and Eileen Nunez, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Thermidor's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Thermidor, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Thermidor (and all similarly situated employees) and are Plaintiff Thermidor's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Thermidor and/or similarly situated individuals.

28. Upon information and belief, Individual Defendants Jeremy Miller and David Miller operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Thermidor's employers within the meaning of the FLSA and New York Labor Law.

30. Defendants had the power to hire and fire Plaintiff Thermidor, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Thermidor's services.

31. In each year from 2016 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the tailoring services company on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Thermidor is a former employee of Defendants who was employed as a tailor.

34. Plaintiff Thermidor seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jean M Thermidor*

35. Plaintiff Thermidor was employed by Defendants from approximately August 2016 until on or about January 25, 2019.

36. Defendants employed Plaintiff Thermidor as a tailor.

37. Plaintiff Thermidor regularly handled goods in interstate commerce, such as the cloths, tools and other supplies produced outside the State of New York.

38. Plaintiff Thermidor's work duties required neither discretion nor independent judgment.

39. Throughout his employment with Defendants, Plaintiff Thermidor regularly worked in excess of 40 hours per week.

40. From approximately August 2016 until on or about January 25, 2019, Plaintiff Thermidor worked from approximately 8:30 a.m. until on or about 7:00 p.m. and then from home on at least 35 occasions from approximately 9:00 p.m. until on or about 3:00 a.m., 6 days a week (typically 63 to 69 hours per week).

41. Throughout his employment, Defendants paid Plaintiff Thermidor his wages by direct deposit.

42. From approximately August 1, 2016 until on or about August 15, 2016, Defendants offered to pay Plaintiff Thermidor a 33% commission of all the tickets that he worked on.

43. Similarly, from approximately August 16, 2016 until on or about January 25, 2019, Defendants offered to pay Plaintiff Thermidor a 36.8% commission of all the orders that he worked on.

44. However, this was not always the case, as many of the orders Plaintiff Thermidor worked on were not paid by Defendants. In fact, Plaintiff Thermidor has knowledge that some

orders were deleted from the system so that there would not be a record of all of the orders Plaintiff Thermidor worked on.

45. From approximately August 2016 until on or about December 2016, Defendants paid Plaintiff Thermidor an average compensation of $1,476.45 per week.

46. From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Thermidor an average compensation of $992.45 per week.

47. From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Thermidor an average compensation of $875.92 per week.

48. From approximately January 1, 2019 until on or about January 25, 2019, Defendants paid Plaintiff Thermidor an average compensation of $857.14 per week.

49. For several of the jobs he performed, approximately $1,700, Defendants did not pay Plaintiff Thermidor any wages for his work.

50. Plaintiff Thermidor's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

51. For example, Defendants required Plaintiff Thermidor to work an additional 6 hours past his scheduled departure time approximately on 35 occasions throughout his employment, and did not pay him for the additional time he worked.

52. Defendants never granted Plaintiff Thermidor any breaks or meal periods of any kind.

53. Although Plaintiff Thermidor was required to keep track of his time, Defendants did not allow him to record his hours worked at home. As a result, Plaintiff Thermidor was not compensated for all of the hours that he worked.

54. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Thermidor regarding overtime and wages under the FLSA and NYLL.

55. Defendants did not provide Plaintiff Thermidor an accurate statement of wages, as required by NYLL 195(3).

56. In fact, Defendants adjusted Plaintiff Thermidor's paystubs so that they reflected inaccurate wages and hours worked.

57. Defendants did not give any notice to Plaintiff Thermidor, in English and in Spanish (Plaintiff Thermidor's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58. Defendants required Plaintiff Thermidor to purchase "tools of the trade" with his own funds—including scissors.

*Defendants' General Employment Practices*

59. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Thermidor (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

60. Plaintiff Thermidor was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

61. Defendants' pay practices resulted in Plaintiff Thermidor not receiving payment for all his hours worked, and resulted in Plaintiff Thermidor's effective rate of pay falling below the required minimum wage rate.

62. Defendants habitually required Plaintiff Thermidor to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

63. Defendants' time keeping system did not reflect the actual hours that Plaintiff Thermidor worked.

64. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

65. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

66. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Thermidor (and similarly situated individuals) worked, and to avoid paying Plaintiff Thermidor properly for his full hours worked.

67. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

68. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Thermidor and other similarly situated former workers.

69. Defendants failed to provide Plaintiff Thermidor and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of

pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

70. Defendants failed to provide Plaintiff Thermidor and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

71. Plaintiff Thermidor brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

72. At all relevant times, Plaintiff Thermidor and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek and willfully failing to keep records, as required under the FLSA.

73. The claims of Plaintiff Thermidor stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

74. Plaintiff Thermidor repeats and realleges all paragraphs above as though fully set forth herein.

75. At all times relevant to this action, Defendants were Plaintiff Thermidor's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

76. Defendants had the power to hire and fire Plaintiff Thermidor (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

77. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

78. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

79. Defendants failed to pay Plaintiff Thermidor (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

80. Defendants' failure to pay Plaintiff Thermidor (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

81. Plaintiff Thermidor (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

82. Plaintiff Thermidor repeats and realleges all paragraphs above as though fully set forth herein.

83. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Thermidor (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

84. Defendants' failure to pay Plaintiff Thermidor (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

85. Plaintiff Thermidor (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

86. Plaintiff Thermidor repeats and realleges all paragraphs above as though fully set forth herein.

87. At all times relevant to this action, Defendants were Plaintiff Thermidor's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

88. Defendants had the power to hire and fire Plaintiff Thermidor, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

89. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Thermidor less than the minimum wage.

90. Defendants' failure to pay Plaintiff Thermidor the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

91. Plaintiff Thermidor was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

92. Plaintiff Thermidor repeats and realleges all paragraphs above as though fully set forth herein.

93. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Thermidor overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

94. Defendants' failure to pay Plaintiff Thermidor overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

95. Plaintiff Thermidor was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

96. Plaintiff Thermidor repeats and realleges all paragraphs above as though fully set forth herein.

97. Defendants failed to provide Plaintiff Thermidor with a written notice, in English and in Spanish (Plaintiff Thermidor's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances,

if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

98. Defendants are liable to Plaintiff Thermidor in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

99. Plaintiff Thermidor repeats and realleges all paragraphs above as though fully set forth herein.

100. With each payment of wages, Defendants failed to provide Plaintiff Thermidor with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

101. Defendants are liable to Plaintiff Thermidor in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

102. Plaintiff Thermidor repeats and realleges all paragraphs above as though fully set forth herein.

103. Defendants required Plaintiff Thermidor to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

104. Plaintiff Thermidor was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Thermidor respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Thermidor and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Thermidor and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Thermidor's and the

FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Thermidor and the FLSA Class members;

(f) Awarding Plaintiff Thermidor and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Thermidor and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Thermidor;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Thermidor;

(j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Thermidor's compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Thermidor;

(l) Awarding Plaintiff Thermidor damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m) Awarding Plaintiff Thermidor damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiff Thermidor liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o) Awarding Plaintiff Thermidor and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff Thermidor and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Thermidor demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
May 17, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 1, 2019

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:    Jean M Thermidor

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:    _[signature]_

Date / Fecha:    ***Date in Spanish***