# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                          Telephone: (212) 317-1200
New York, New York 10165                             Facsimile: (212) 317-1620

jandrophy@faillacelaw.com

April 27, 2020

**VIA ECF**
Hon. Debra Freeman
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

       Re:     **Thermidor et al v. Alteration Group of NY, LLC**
                    **Case No. 1:19-cv-04572-JPO-DCF**

Your Honor,

     This firm represents the Plaintiff Jean Thermidor in the above-referenced action. Plaintiffs write jointly with Defendants to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as Exhibit A.

     Plaintiff has agreed to settle all of his claims in this action, in accordance with the agreement reached at a settlement conference before Judge Freeman. Specifically, the parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement follows arduous arms-length bargaining between the Parties, including settlement discussions at a settlement conferences before Magistrate Judge Freeman. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's claims asserted in this case as outlined more specifically in the attached Agreement.

The parties have concluded that the Agreement is fair, reasonable, adequate, and in the parties' mutual best interests. For these reasons and based on the reasons set forth below, the parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

I. **Statement of the Case**

By way of background, Plaintiff allege that he was employed by Defendants as a tailor at Defendants' tailoring business, Alteration Specialists of New York. Plaintiff alleges Defendants paid him a fixed salary on a commission basis throughout his employment that failed to appropriately compensate him for his regular and overtime hours. Plaintiff also claimed a number of hours of work he performed at home, for which he was never compensated for. Plaintiff calculated that he was owed unpaid wages of approximately $25,500, and additional damages of approximately $43,000 (which includes certain penalties under the NYLL such as liquidated damages, but excludes attorneys' fees) for a grand total of approximately $68,000.

Defendants denied Thermidor's claims, and specifically disputed Thermidor's claim that he ever worked uncompensated hours. Defendants further asserted that even if Thermidor had worked overtime hours and did not receive overtime pay, he was exempt from the FLSA's requirement as a commissioned employee.

II. **The Proposed Settlement is Fair and Reasonable**

Under the settlement, Defendants will pay $19,000 to settle all claims. Of the settlement amount, $11,400 will go to the Plaintiff himself, with $7,600 to go to Plaintiff's attorneys, representing 40% of the settlement in this matter.

April 27, 2020
Page 3

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Significantly, Defendants vigorously contested whether Plaintiff was exempt, and if he was not exempt, whether he worked unpaid overtime hours. Significant risk attached to going forward at trial. Factual issues concerning the credibility of witnesses and the documents produced in the course of discovery, and legal issues as to the exemption, presented Thermidor with significant risks in continuing the action to trial. Accordingly, the settlement here represents a meaningful compromise between the parties.

Considering the risks in this case outlined above, discussed *supra*, Thermidor believes that this settlement a fair result, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

April 27, 2020
Page 4

### III.    Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreements with the Plaintiff, Plaintiff's counsel will receive $7,600 from the settlement fund as attorneys' fees and costs. This represents 40% of the recovery in this litigation, the rate identified in Plaintiff's retainer agreements with counsel. Plaintiff's attorneys' hours in this matter to date, as recorded in the form of this Firm's standard billing sheet, is attached hereto as Exhibit B; Plaintiff's lodestar in this matter is $8,805.00 and costs in this matter amount to $486.20. Accordingly, Plaintiff's firm's requested fee is less than its counsel's fees and costs in this matter.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. Therefore, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

A brief biography of each attorney who performed billed work in this matter is as follows:

    a.  Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.  His work is billed at the rate of $450 per hour.

    b.  Joshua Androphy is senior attorney at Michael Faillace & Associates, P.C., and is regularly billed at an hourly rate of $400.00.  This is his standard rate

April 27, 2020
Page 5

        for matters on which I am paid at an hourly rate. Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, Androphy developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, Androphy has been responsible for litigating all aspects of employment claims in state and federal court. Androphy was named a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, and 2018. Androphy's billing rate of $400 per hour is reflected in Exhibit C with the initials "JA."

    c. Work performed by paralegals is indicated by the initials "PL" and billed at the rate of $100 per hour.

While district courts in this Circuit have commonly limited attorneys' fees to 1/3 of the recovery in FLSA settlements, the Second Circuit Court of Appeals recently rejected such a proportionality rule. *Fisher v. S.D. Prot. Inc.*, 948 F.3d 593 (2d Cir. Feb. 4, 2020). In *Fisher* the Second Circuit reversed a district court's presumption of a 33% limit as an outcome determinative factor on attorneys' fees in FLSA settlements. *Id.* The Second Circuit observed that "[i]n most FLSA cases, it does not make sense to limit fees to 33% of the total settlement," because if plaintiffs' attorneys were limited to such a proportional fee, no rational attorney would take small recovery or "run of the mill" cases and employees would be left with little redress for alleged violations. *Id.* 948 F.3d at 603-604; *see also Guan v. Long Island Bus. Institute, Inc.*, 15-CV-02215 (CBA) (VMS), 2020 U.S. Dist. LEXIS 47088, *11 (E.D.N.Y. Mar. 18, 2020) (courts should not limit attorney recovery to 33% of recovery); *Jun Cui v. O2 Korean BBQ*, 19-CV-2794-DLI-SJB, 2020 U.S. Dist. LEXIS 24657, *8 (E.D.N.Y. Feb. 11, 2020) (courts should not impose hard rule of proportionality in evaluating attorneys' fees). Here, Thermidor's attorneys' lodestar is more than the amount that Thermidor's attorneys are to recover from the settlement.

April 27, 2020
Page 6

Awarding attorneys' fees of 40% of the total settlement is reasonable and in accordance with *Fisher* and with Thermidor's retainer agreement with his attorneys.

      Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                Respectfully submitted,

                /s/Joshua S. Androphy
                Joshua S. Androphy
                MICHAEL FAILLACE & ASSOCIATES, P.C.
                Attorneys for the Plaintiff

Enclosure