UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEAN M THERMIDOR, *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br><br>ALTERATION GROUP OF NY, LLC (D/B/A ALTERATION SPECIALISTS OF NEW YORK), JEREMY MILLER, DAVID MILLER, SONA BABOORAM, and EILEEN NUNEZ,<br><br>*Defendants.* | 19-cv-04572<br><br>**SETTLEMENT AGREEMENT AND**<br>**<u>RELEASE</u>** |

  This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Jean Thermidor ("Plaintiffs") on the one hand, Alteration Group on NY, LLC (d/b/a Alteration Specialists of New York), ("Defendant Corporation"), Jeremy Miller, David Miller, Sona Babooram, and Eileen Nunez("Individual Defendants"), (collectively, "Defendants"), on the other hand.

  WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

  WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 19-cv-04572 (hereinafter "the Litigation"), alleging, inter alia, violations of federal and state minimum wage and overtime laws;

  WHEREAS, Defendants deny any violation of federal or state minimum wage and overtime laws; and

  WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

  WHEREAS, such settlement does not reflect a determination on the merits of the case, which has not been adjudicated or opined on by the court;

  NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Nineteen Thousand Dollars and No Cents (**$19,000.00**) (the "Settlement Amount") to be paid to Plaintiff's attorneys in a single payment, as follows:

i. Installment One: A check, delivered to Plaintiffs' counsel as provided in Section 1(iii)(a) below, in the amount of Nineteen Thousand Dollars and No Cents ($19,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Thirty Days (30) after court approval of the settlement agreement.

ii. From the total Settlement Amount, a total of $7,600 shall be paid to Michael Faillace and Associates, P.C., as attorney's fees and costs. The remaining $11,400 shall be paid to the Plaintiff. The Plaintiff expressly understands and agrees that he shall be solely responsible for the payment of all federal, state and local taxes due on the Settlement Amount. As a necessary precondition to payment of the Settlement Amount, both Michael Faillace and Associates, P.C. and the Plaintiff must each provide counsel for Defendant with properly completed, duly executed IRS Forms W-9. For every tax year in which any part of the Settlement Amount is paid, Defendants shall issue IRS Forms 1099 to, respectively, Plaintiff and Michael Faillace and Associates, P.C. in connection with the payment of the Settlement Amount.

(a.) Within 30 of this Agreement being approved by the Court, the check/payment set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

2. <u>Release and Covenant Not To Sue</u>: Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to all claims that are the subject of the Litigation and that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3. <u>No Admission of Wrongdoing</u>: This Agreement, and compliance with this Agreement, shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

5. <u>Acknowledgments:</u>  Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. <u>Notices:</u>   Notices required under this Agreement shall be in writing and shall, be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

**Scott D. Salmon, Esq.**
**Jardim, Meisner & Susser, P.C.**
30B Vreeland Road, Suite 100
Florham Park, NJ 07932
973.845.7634 (direct)
973.845.7645 (fax)
Email: ssalmon@jmslawyers.com

7. <u>Governing Law</u>:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. <u>Release Notification</u>: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to

waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys.

      10.    <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____          Date: _____
    JEAN THERMIDOR


DEFENDANTS:

By: _____          Date: Apr 25, 2020
    Jeremy Miller (Apr 25, 2020)
    ALTERATION GROUP OF NY, LLC (D/B/A
ALTERATION SPECIALISTS OF NEW YORK),

By: _____          Date: Apr 25, 2020
    Jeremy Miller (Apr 25, 2020)
    JEREMY MILLER

By: _____          Date: Apr 25, 2020
    david miller (Apr 25, 2020)
    DAVID MILLER

By: _____          Date: Apr 27, 2020
    Sona Babooram (Apr 27, 2020)
    SONA BABOORAM

By: _____          Date: Apr 27, 2020
    Eileen Nunez (Apr 27, 2020)
    EILEEN NUNEZ

5

PLAINTIFF:

By: _____  Date: 04-24-2020
      JEAN THERMIDOR


DEFENDANTS:

By: _____  Date: _____
      ALTERATION GROUP OF NY, LLC (D/B/A
ALTERATION SPECIALISTS OF NEW YORK),

By: _____  Date: _____
      JEREMY MILLER

By: _____  Date: _____
      DAVID MILLER

By: _____  Date: _____
      SONA BABOORAM

By: _____  Date: _____
      EILEEN NUNEZ

5